IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **08-cv-02167-AP**

**WILDEARTH GUARDIANS,**

        Plaintiff,

v.

**UNITED STATES FOREST SERVICE, et al.,**

        Defendants, and

**MOUNTAIN COAL COMPANY,**

        Intervenor-Defendant.

---

**THIRD REVISED JOINT CASE MANAGEMENT PLAN**

---

This matter is before the Court on the parties' Third Unopposed Motion to Adopt Revised Joint Case Management Plan (doc. #67), filed December 4, 2009. The Motion is GRANTED. The Joint Case Management Plan is revised as set forth below.

**1.     APPEARANCES OF COUNSEL AND PRO SE PARTIES**

<u>For Plaintiff WildEarth Guardians:</u>
Edward B. Zukoski
Earthjustice
1400 Glenarm Place, #300
Denver CO, 80202
Telephone: (303) 623-9466
tzukoski@earthjustice.org

<u>For Federal Defendants:</u>
Gregory D. Page
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Gregory.Page@usdoj.gov

<u>For Intervenor-Defendant Mountain Coal Company</u>
Stephen D. Bell
Dorsey & Whitney LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone: (303) 629-3400
bell.steve@dorsey.com

**2.     STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), and 5 U.S.C. §§ 701-706 (judicial review provisions of the Administrative Procedure Act).

3.     **DATES OF FILING OF RELEVANT PLEADINGS**

   A.   **Date Complaint Was Filed:**  October 7, 2008

   B.   **Date Complaint Was Served on U.S. Attorney's Office:**  October 9, 2008

   C.   **Date Answer Was Filed:**  December 12, 2008

   D.   **Date First Amended Complaint Was Filed:**  February 20, 2009

   E.   **Date Answers to First Amended Complaint Were Filed:**  March 6, 2009 (Federal Defendants); August 12, 2009 (Intervenor-Defendant Mountain Coal Company)

   F.   **Date Plaintiff's Motion for Leave to File Second Amended Complaint Was Filed:**  August 26, 2009

   G.   **Date Plaintiff's Second Amended Complaint Was Filed**:  September 16, 2009.

   H.   **Date Answers to Second Amended Complaint Were Filed:**  October 6, 2009.

4.     **STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

Pursuant to the Second Revised Joint Case Management Plan, adopted by this Court on October 1, 2009, the Federal Defendants filed with the Court on October 1, 2009 the administrative record for the agency actions challenged in Plaintiff's First Amended Complaint. Plaintiff served Federal Defendants with a letter on October 23, 2009 requesting that the Federal Defendants supplement that record with documents Plaintiff believes were part of the record, including documents Plaintiff had obtained from the Federal Defendants through the Freedom of Information Act.  Although Federal Defendants responded to the letter by filing a supplement to the October 1 record with this Court on November 13, 2009, that supplement did not include many of the documents that Plaintiff requested Federal Defendants include.

In the Second Amended Complaint, filed September 16, 2009, Plaintiff added a claim challenging the Secretary of the Interior's January 14, 2009 decision to amend the relevant coal

leases to authorize MCC's capture of coal methane gas at the West Elk Mine under certain circumstances. Pursuant to the Second Revised Joint Case Management Plan, adopted by this Court on September 16, 2009, the Federal Defendants filed on November 3, 2009 the administrative record for the claim added in Plaintiff's Second Amended Complaint. Plaintiff served Federal Defendants with a letter on November 20, 2009 requesting that the Federal Defendants supplement that record with, inter alia, documents concerning the challenged agency decisions obtained from the Federal Defendants through the Freedom of Information Act. Plaintiff also requested that Federal Defendants explain the basis for redacting portions of certain documents pursuant to the attorney-client privilege, or provide them in toto in the administrative record. In response, Federal Defendants stated in their November 30, 2009 letter that the additional documents and other materials proffered by Plaintiff did not meet the definition under the Administrative Procedure Act ("APA") of an administrative record and therefore could not be submitted to this Court under that statute. Federal Defendants also stated that their redactions under the attorney-client privilege were appropriate.

Plaintiff believes that both the October 2 and November 3 administrative records filed by the Federal Defendants are inadequate and require supplementation. In contrast, Federal Defendants believe that these records comply with both the APA and case law construing that statute. Several hundred pages of material are in dispute, and it does not presently appear that the Parties' differences on the contents of the record can be resolved absent a ruling from the Court.

5.     **STATEMENT REGARDING ADDITIONAL EVIDENCE**

The Parties shall brief the adequacy of the administrative records as follows:

**Plaintiff's Motion to Supplement the Administrative Records**:  January 7, 2010

**Federal Defendants' and Defendant Intervenor's Opposition**:  February 8, 2010

**Plaintiff's Reply**:  February 25, 2010

If, despite their current disagreements, the Parties are able to resolve disputes concerning the content of the record, the Parties shall promptly file a stipulation with the Court.

6.     **STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

Parties do not at this point anticipate unusual claims or defenses.  Plaintiff WildEarth Guardians contends that Federal Defendants actions in approving the West Elk Mine's E seam expansion project and methane venting and in amending coal leases violated NEPA.  Federal Defendants and Intervenor-Defendants contend that the Federal Defendants complied with NEPA in concurring with the State of Colorado's decision to issue a permit for the challenged mine under certain circumstances, based on the administrative record in the case.

7.     **OTHER MATTERS – POTENTIAL FOR SETTLEMENT AND ONGOING ADMINISTRATIVE PROCEEDINGS**

The Parties believe that there is a potential for settlement of this case.  Plaintiff provided an outline of a settlement proposal to Federal Defendants on May 14, 2009.  The Parties intend to continue discussing settlement.  If any related development would make a revised briefing schedule more efficient, the parties will submit a proposed amended joint case management schedule addressing such development.

**8.     PROPOSED BRIEFING SCHEDULE**

Given the Parties' intent to brief the adequacy of the record in this case, the Parties propose the following briefing schedule on the merits.

    **A. Plaintiff's Opening Brief Due:**   35 days following the Court's order resolving the adequacy of the administrative records.

    **B. Defendants' Brief Due:**   80 days following the Court's order resolving the adequacy of the administrative records.

    **C. Plaintiff's Reply Brief Due:**   98 days following the Court's order resolving the adequacy of the administrative records.

If the Parties, despite their disagreements, are able to resolve via stipulation their disputes concerning the administrative record's adequacy prior to a Court ruling on the record's adequacy (see paragraph 5, above), the Parties shall file briefs on the merits within the number of days set forth above following the date any such stipulation is filed.

**9.     STATEMENTS REGARDING ORAL ARGUMENT**

The Parties request oral argument in order to highlight the key elements of their respective briefs and to respond to facts or arguments raised in opposition briefs.

**10.     CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

The Parties do not at this time consent to exercise of jurisdiction by magistrate judge in this matter.

**11.     AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The Parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 4th day of December, 2009.

              BY THE COURT:

              *s/John L. Kane*
              U.S. DISTRICT COURT JUDGE

APPROVED:

s/ Edward B. Zukoski
Edward B. Zukoski
Earthjustice
1400 Glenarm Place, #300
Denver CO, 80202
Telephone: (303) 623-9466
tzukoski@earthjustice.org
*Attorney for Plaintiff WildEarth Guardians*

s/ Gregory D. Page
Gregory D. Page
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Gregory.Page@usdoj.gov
*Attorney for Federal Defendants*

s/ Stephen D. Bell
Stephen D. Bell
Dorsey & Whitney LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
E-mail: bell.steve@dorsey.com
Telephone: (303) 629-3400
*Attorney For Intervenor-Defendant Mountain Coal Company*